**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                            )<br>           v.                                          )<br>                                                            )<br>KRASIMIR NIKOLOV,                  )<br>                                                            )<br>                        Defendant.         ) | Criminal No. 16-218<br>Judge Nora Barry Fischer |

## TENTATIVE FINDINGS AND RULINGS

On April 10, 2019, Defendant Krasimir Nikolov pled guilty to Counts One, Two and Three of the Indictment at Criminal Number 16-218 charging him with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count One), one count of unauthorized access of a computer to obtain financial information, in violation of 18 U.S.C. §§ 1030(a)(2)(A), 1030(c)(2)(B)(i) and 2 (Count Two) and one count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count Three).

The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated July 16, 2019. (Docket No. 82). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On July 23, 2019, Defendant filed his Position with Respect to Sentencing Factors, indicating that he has no objections to the PIR. (Docket No. 84). The Government filed its Position with Respect to Sentencing Factors on July 24, 2019, indicating that it also has no objections to the PIR. (Docket No. 85). Subsequently, the Probation Office prepared an Addendum dated July 25, 2019, wherein it notes the lack of objections from the parties. (Docket No. 86).

*I.      Guidelines Calculations*

The Court now makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:[1]

1. Pursuant to Guideline § 3D1.2(d), Counts One, Two and Three are grouped because the offense level is determined largely on the basis of the total amount of loss.

2. The base offense level applicable to the counts of conviction is seven (7) pursuant to Guideline § 2B1.1(a)(1).

3. Pursuant to Guideline § 2B1.1(b)(1)(I), the base offense level is increased sixteen (16) levels because the amount of loss attributable to Defendant is more than $1,500,000 but less than $3,500,000.

4. The offense level is increased two (2) levels pursuant to Guideline § 2B1.1(b)(2)(A)(i) because the offense involved ten or more victims.

5. In accordance with Guideline § 2B1.1(b)(10)(B), the offense level is increased two (2) levels because a substantial part of the fraudulent scheme was committed from outside the United States.

6. An additional two (2) level increase is applied pursuant to Guideline § 2B1.1(b)(18)(A) because Defendant was convicted of an offense under 18 U.S.C. § 1030 and the offense involved an intent to obtain personal information.

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2018. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

7. There are no victim-related, role-related or obstruction of justice adjustments that apply.

8. Based on the above, Defendant's adjusted offense level becomes twenty-nine (29).

9. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by two (2) levels because he has pled guilty and clearly demonstrated acceptance of responsibility for his offense.

10. Pursuant to Guideline § 3E1.1(b), Defendant's adjusted offense level is decreased by one (1) additional level because he timely notified authorities of his intent to enter a plea of guilty.

11. Therefore, Defendant's total offense level becomes twenty-six (26).

12. Defendant has no criminal history points. Pursuant to Guidelines Chapter 5, Part A, a criminal history score of zero (0) results in a criminal history category of I.

II.   *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: At each of Counts One and Two of the Indictment, Defendant is subject to a maximum term of five (5) years' imprisonment pursuant to 18 U.S.C. §§ 371 and 1030(c)(2)(B)(i). These are class D felonies pursuant to 18 U.S.C. § 3559(a)(4). At Count Three of the Indictment, Defendant is subject to a maximum term of thirty (30) years' imprisonment pursuant to 18 U.S.C. § 1344. This offense is a class B felony pursuant to 18 U.S.C. § 3559(a)(2).

      *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of twenty-six (26) and a criminal history category of I, the advisory guidelines range for imprisonment is sixty-three (63) to seventy-eight (78) months, which is in Zone D of the Sentencing Table.

2. *Impact of Plea Agreement*: Defendant agreed to plead guilty to Counts One, Two and Three of the Indictment and the Government agreed to dismiss Counts Four, Five and Six after the imposition of Defendant's sentence.  The parties also agreed to certain stipulations concerning the computation of Defendant's offense level, resulting in a final offense level of 26.  In addition, the parties agreed that no other enhancements, departures or variances are applicable or appropriate.

3. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. §§ 3583(b)(1) and (b)(2), the Court may impose a term of supervised release of not more than three (3) years at each of Counts One and Two and not more than five (5) years at Count Three.  In accordance with 18 U.S.C. § 3624(e), multiple terms of supervised release shall run concurrently.

      *Guideline Provision for Supervised Release*:  Pursuant to Guideline §§ 5D1.2(a)(1) and (a)(2), the authorized term of supervised release is at least one (1) year but not more than three (3) years at each of Counts One and Two and at least two (2) years but not more than five (5) years at Count Three.  Again, multiple terms of supervised release shall run concurrently.

4. *Statutory Provision for Probation*:   In accordance with 18 U.S.C. §§ 3561(a)(1) and (a)(3), Defendant is ineligible for probation.

*Guideline Provision for Probation*: Pursuant to Guideline §§ 5B1.1(b)(1) and (b)(3), Defendant is ineligible for probation.

5. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b)(3), Defendant is subject to a maximum fine of $250,000 at each of Counts One and Two. He is subject to a maximum fine of $1,000,000 at Count Three pursuant to 18 U.S.C. § 1344.

*Guideline Provision for Fine*: Pursuant to Guideline §§ 5E1.2(c)(3) and (c)(4)(A), the advisory fine range is from $25,000 to $1,000,000.

6. *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100 at each count for a total special assessment of $300. The Court notes that the special assessment has yet to be paid.

7. *Restitution*: Pursuant to 18 U.S.C. § 3663A(a)(1) and Guideline § 5E1.1(a)(1), restitution is mandatory and shall be ordered in the total amount of $41,000 to be paid to Marshall Halem Law Group.

III. *Conclusion*

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled on **Friday, August 30, 2019 at 1:30 p.m.** Pursuant to the Court's Presentence Order (Docket No. 80), any sentencing memoranda are due by **August 20, 2019** and any responses to same are due by **August 26, 2019**.

                                              *s/ Nora Barry Fischer*
                                              Nora Barry Fischer
                                              Senior United States District Judge

Date: July 29, 2019

cc/ecf:	All counsel of record
	U.S. Probation Office